Bowles & another *v.* Graves & another & trustee.

---

## Edward Bowles & another *vs.* James M. R. Graves & another & Trustee.

One authorized by a debtor to compromise with his creditors for a certain proportion of their debts, and who receives the debtor's property to be sold and converted into money for that purpose, and obtains the written agreement of some of the creditors so to com-promise, is not chargeable as trustee of the debtor at the suit of a creditor who did not so agree, for money obtained from such sales, and paid out pursuant to such compro-mise before the service of the trustee process; nor for such money retained by him as attorney for creditors who had made such agreement; nor for amounts which, upon the execution of a discharge of their debts, he had given such creditors a written promise to pay; but is so chargeable for such money in his hands, although he had promised in writing to pay it to such creditors when they should discharge their debts.

CHARLES T. ARTHUR, summoned as trustee of the defendants, in his answer stated that he was their agent and attorney in attempting to effect a compromise with their creditors, and, as such, received from the defendants a transfer of the goods remaining in their shop, for the purpose of converting the goods into money, and making settlements with their creditors, and, by the defendants' authority, made an offer to all their creditors of twenty five per cent. of their respective claims, which some of them accepted, and signed an agreement to that effect; that he realized from the sale of the goods $1,156, of which, at the time of the service of this writ upon him, he had paid, to discharge an attachment upon the goods, $294.72, being thirty five per cent of the debt secured by such attachment; $125 to the defendants, and $30 in small payments on their behalf; $67, being twenty five per cent. of his debt, to one of the creditors who agreed to the compromise; and held, for other such creditors whose attorney he was, $450, being twenty five per cent. of their debts; and for two other such creditors $202.94, being a like percentage on their respective debts, which he had promised, in writing to one, and orally to the other, and was in good faith bound to both, to pay; and that the defendants owed him the excess of all these sums over the amount received, being $12.71, and also his fees.

*C. R. Ladd,* for the plaintiffs.

*J. Wells & G. M. Stearns,* for the trustee. The trustee is clearly not chargeable for the sums actually paid out before the service of this process on him; nor for those sums which he held, and expressly agreed to pay to those creditors of whom he was attorney.

As to the other sums, the transfer of the property to the trustee, and the creditors' written agreement to discharge their debts on receiving twenty five per cent. thereof, were a sufficient consideration for his express promise, and he was therefore liable to to them for those sums. *Swett* v. *Ordway,* 23 Pick. 266. His undertaking was original, and not collateral, and his verbal promise is therefore as binding on him as his written one. *Curtis* v. *Norris,* 8 Pick. 280. But if such promise was within the statute of frauds he has, as he might lawfully do, declared his election not to avoid it. *Cahill* v. *Bigelow,* 18 Pick. 369.

This case is not within the decisions holding voluntary assignments void as against creditors who do not assent; for this was a mere transfer and delivery of property to be disposed of in a certain way, to which transfer the creditors were not parties.

DEWEY, J. The mode in which the transfer of the property was made in the present case, though not in form that of the common assignment of an insolvent to a trustee of his own selection, for the benefit of those creditors who might elect to accept the same, and discharge their debts, is equally liable to the objections so fully stated in the cases of *Wyles* v. *Beals*, 1 Gray, 233, and *Edwards* v. *Mitchell*, 1 Gray, 239. As a transfer, it would have no validity against any attaching creditor who might elect to charge the property, or the avails thereof, while in the hands of the assignee.

The further inquiry is as to the extent to which the supposed trustee may have discharged himself from liability by payment, or appropriation of the proceeds of such property, made before the claims of any attaching creditors had intervened.

So far as the avails of the property received by the trustee had been, with the consent of the debtors, actually applied to the payment of debts due any of their creditors, before the institution of the present suit, the trustee is to be discharged.

Also in cases where he acted as the attorney of any creditor, clothed with authority to collect the debt, and had, as such attorney, passed to the credit of his client the amount of such debt, debiting himself therewith, that would be an appropriation of the money that would discharge him from liability to a subsequent suit by another attaching creditor.

The giving to a creditor his own negotiable promissory note, or any written promise to pay the amount of a debt due a creditor, if made upon the actual execution of a discharge of the original debt by such creditor, would have the like effect.

But a mere stipulation by the supposed trustee, either oral or in writing, stating, to a creditor for whom he was not attorney, that he held in his hands certain assets of the debtor, and that he would pay such creditor twenty five per centum of his debt, if he would receive the same in full discharge of his debt,

would not exempt him from liability to this process in behalf of any other creditor. This, at most, would be a no more effective promise than would exist in the case of an ordinary assignment made by an insolvent debtor to an assignee of his own choice, where the assignee had accepted the trust, and a creditor had accepted the assignment. But such assignments are not valid and effectual to protect the property against attachment by a trustee process.

As we understand the facts stated in the answer of the supposed trustee, he must be held chargeable to some extent, under the proper application of the principles above stated.

*Trustee charged.*